Mark A. Nickel (14082)
Charles W. Brown, Jr. (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9990
Facsimile: (385) 282-7590
mnickel@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH TREJO,<br><br>           Plaintiff,<br><br>vs.<br><br>PILOT TRAVEL CENTERS LLC; JESSICA RAMSAY; and JOHN DOES 1 THROUGH 4<br><br>           Defendants. | **NOTICE OF REMOVAL BY PARTY PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>Civil No.: |

Defendants, **PILOT TRAVEL CENTERS LLC** ("Pilot") and **JESSICA RAMSAY**, ("Ramsey") (collectively "Defendants"), by and through undersigned counsel, hereby remove this action from the Third Judicial District Court, Tooele County, Tooele, State of Utah, to the United States District Court for the District of Utah. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### STATEMENT OF JURISDICTION

Plaintiff Elizabeth Trejo ("Trejo") alleges in her Complaint that she resides in Houston, Texas. Compl., pg. 11 (attached hereto as Exhibit 1). Defendant Ramsey resides in Tooele County, Utah. Ex. 1, Compl., ¶ 3. Defendant Pilot is a Delaware limited liability company with

its principal place of business in Knoxville, Tennessee. *See* Exhibit 2, Business Entity Information. Its members are: Berkshire Hathaway Life Insurance Company of Nebraska ("Berkshire Hathaway), a Nebraska corporation with its principal place of business in Nebraska[1]; National Indemnity Company, a Nebraska corporation with its principal place of business in Nebraska[2]. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a), which provides for jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. This civil action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441, as further set forth below.

## THE REMOVED ACTION

1.      This civil action, commenced by Trejo on or about November 4, 2025, is pending in the Third Judicial District Court, Tooele County, Tooele, State of Utah (the "State Court"), a court located within this District, under Case No. 250302475 (the "State Court Action").

2.      A copy of the Complaint filed in the State Court Action is attached hereto as Exhibit 1. A copy of all other pleadings, process, and orders served upon Defendant Pilot in the State Court Action are attached collectively as Exhibit 3.

3.      Plaintiff's Complaint was served on Defendant Pilot on February 12, 2026. By filing this Notice of Removal, Defendants do not concede that service was properly effected and expressly reserve all defenses related to sufficiency of process and service of process. Nevertheless, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of Pilot's receipt of the Complaint by Trejo.

4.      Other than the documents attached hereto as Exhibits 1 and 3, no other pleadings,

---

[1] Berkshire Hathaway is a wholly owned subsidiary of Berkshire Hathaway, Inc., a Delaware corporation with its principal place of business in Nebraska. *See* Ex. 2.
[2] *See* Ex. 2, Utah Business Information Search.

process, or orders in the case have been served or otherwise received by Defendants, or, to Defendants' knowledge, are presently on file in the State Court Action. If additional filings come to Defendants' attention, they will promptly file copies with this Court.

5. Defendants are filing this Notice of Removal within thirty (30) days after service of the Complaint, rendering this removal timely. *See* 28 U.S.C. § 1446; *see also Garrett v. Cook*, 652 F.3d 1249, 1253 (10th Cir. 2011) ("A defendant must remove a case to federal court within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .").

6. Federal diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship, meaning that every plaintiff must be a citizen of a different state than every defendant. For corporate and nonprofit entities, citizenship is determined by both the state of incorporation and the entity's principal place of business, or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). In addition, the amount in controversy must exceed $75,000, exclusive of interest and costs. This requirement is satisfied when it is facially apparent from the complaint or otherwise supported by a good-faith showing that the plaintiff's claims place more than $75,000 in dispute.

7. No defendant is a citizen of the same State as the Plaintiff.

8. Pilot is a Delaware limited liability company with its principal place of business located in Knoxville, Tennessee and its members are all citizens of Nebraska; therefore, Defendant Pilot is a dual citizen of each of those States, none of which is Texas. *See* 28 U.S.C. § 1332(c)(1).

9. Although Plaintiff names Defendant Jessica Ramsay as a defendant and alleges that she resides in Tooele County, Utah, Ramsay has been joined solely for the purpose of defeating federal diversity jurisdiction.

10.    Fraudulent joinder is an exception to the requirement of complete diversity.  The joinder of a non-diverse party is considered fraudulent when it serves no purpose other than "to frustrate federal jurisdiction."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). When a plaintiff joins a non-diverse party solely to defeat diversity jurisdiction, the citizenship of that party is disregarded for purposes of determining federal jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

11.    Courts evaluating fraudulent joinder may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd*, 329 F.2d at 85.  The court's examination of affidavits or other matters of record is therefore appropriate in determining whether a non-diverse defendant has been improperly joined.

12.    Courts have recognized that employees are fraudulently joined when the plaintiff alleges only conduct occurring within the scope of employment and no independent duty owed by the employee apart from the employer.  In *Palmer v. Wal-Mart Stores, Inc.*, the court held that a store manager was fraudulently joined in a slip-and-fall action where the plaintiff alleged no independent duty of care owed by the manager apart from that owed by the corporate store owner. Because the plaintiff had no possibility of recovering against the manager individually under applicable law, the court dismissed the manager and retained diversity jurisdiction.  65 F. Supp. 2d 564, 567 (S.D. Tex. 1999).

13.    The allegations in this case mirror the circumstances addressed in *Palmer*.  The Complaint alleges that Ramsay was acting as an employee of Pilot at the time of the alleged incident and attributes liability to her solely in that capacity.  Ramsey had no independent duty to keep the premises safe other than those arising from her duties to her employer.  The Complaint does not allege that Ramsay owed Plaintiff any duty separate and apart from Pilot's duties as the

operator of the premises, nor does it allege that Ramsay engaged in any conduct outside the course and scope of her employment. Instead, the allegations against Ramsay are entirely derivative of Plaintiff's premises-liability claim against Pilot.

14. Further, Pilot admits in its Answer that Ramsay was acting within the scope and course of her duties at the time of the alleged incident.

15. The record further confirms that Ramsay's inclusion in the lawsuit serves only a jurisdictional purpose. In correspondence dated March 12, 2026, counsel for Pilot offered to stipulate that Ramsay was acting within the scope of her employment and that Pilot would be responsible for any judgment or settlement and requested that Plaintiff voluntarily dismiss Ramsay to avoid subjecting a company employee to unnecessary litigation exposure.

16. Plaintiff's counsel responded that Plaintiff would agree to dismiss Ramsay only if the case remained in state court. *See* Exhibit 4, Email Correspondence. This correspondence demonstrates that Ramsay's continued presence in the case is not tied to the merits of Plaintiff's negligence claim but instead is being used as leverage to prevent removal to federal court.

17. Under these circumstances, Ramsay has been joined solely for the purpose of frustrating federal jurisdiction. As in *Palmer*, where the court disregarded the citizenship of a store manager who owed no independent duty apart from the employer, Ramsay's citizenship should likewise be disregarded for purposes of determining diversity jurisdiction.

18. Once Ramsay's citizenship is disregarded, complete diversity exists between Plaintiff, a citizen of Texas, and Defendant Pilot, whose citizenship is Delaware, Tennessee, and Nebraska. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

19. Trejo asserts a claim of negligence against Defendants arising out of an alleged

slip-and-fall accident at one of Pilot's subject locations.  Trejo seeks recovery of damages in an amount exceeding $75,000.  *See* Exhibit 1, Compl. at pg. 10.

20.    Accordingly, the amount in controversy plainly exceeds the jurisdictional minimum of $75,000, as required under 28 U.S.C. § 1332(a).

21.    Precedence in this jurisdiction is clear concerning the test for determining whether the "amount in controversy" is satisfied when a party seeks declaratory relief:

> The Tenth Circuit has explained that the notice of removal sufficiently alleges jurisdiction if 'a fact finder might legally conclude' that the threshold amount is satisfied. *Hammond*, 844 F.3d at 912.  When injunctive relief is sought, '*the impact on the defendant, including the cost of complying with an injunction, is a proper consideration in determining the amount in controversy.*' *Lowrimore v. Severn Trent Envtl. Servs.*, 2016 U.S. Dist. LEXIS 24242, at *13, 2016 WL 799127 (E.D. Okla. 2016)*.  And, 'when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.' *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).  'The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.' *Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973)."

*Reifenberger v. Autovest LLC*, No. 2:20-CV-571-DAK-JCB, 2021 WL 212237, at *2* (D. Utah Jan. 21, 2021) *(emphasis added)*.    Similarly, the Tenth Circuit has stated that in cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  "The Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* (quoting *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir.1991)).

22.    Based on the allegations and relief sought in the Complaint, the amount in dispute

clearly exceeds $75,000, thereby satisfying the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).  See *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

23.     A copy of this Notice of Removal will be served upon Trejo through her counsel of record and upon the Clerk of the Third Judicial Court, as required by 28 U.S.C. § 1446(d).

24.     Pilot and Ramsay consent to removal.  In doing so, they do not consent to personal jurisdiction of this Court and do not waive any defense available under Fed. R. Civ. P. 12(b).

25.     This Notice of Removal is made and signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, notice is given that this action is hereby removed from the Third Judicial District, Tooele County, State of Utah, to the United States District Court for the District of Utah.

DATED this 16th of March, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**


 /s/ *Charles W. Brown Jr.*
Mark A. Nickel
Charles W. Brown Jr.

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 16th of March, 2026, a copy of the foregoing **NOTICE OF REMOVAL** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.


*/s/ Serita Gomez*